[Civ. No. 11017.   First Appellate District, Division Two.—June 19, 1939.]

EDITH M. WILBUR, Appellant, v. DONOHOE KELLY BANKING COMPANY et al., Respondents.

W. G. Deal, W. H. Metson and P. H. McCarthy, Jr., for Appellant.

Luther Elkins, Tinning & De Lap and T. H. De Lap for Respondents.

NOURSE, P. J.—Plaintiff sued to quiet title to several lots of land which were sold after default under a trust deed. Defendants had judgment, and plaintiff's appeal raises the single ground that the sale was invalid because the lots were sold separately rather than as a unit, as the property was described in the trust deed.

Several grounds are urged by respondents upon which the judgment should be sustained, and, if any one of these is good, there must be an affirmance. It is pointed out that the plaintiff did not, by pleading or proof, offer to pay the debt secured by this trust deed, and did not otherwise offer to do equity. This question we had before us in *Touli* v. *Santa Cruz County Title Co.*, 20 Cal. App. (2d) 495, 499 [67 Pac. (2d) 404], where we said: " . . . one is not entitled to relief in a court of equity who refuses to do equity on his part. In *Shimpones* v. *Stickney*, 219 Cal. 637, 649 [28 Pac. (2d) 673], it is said: 'It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured. (See a long list of cases sustaining the equitable rule as variously applied collated in 10 Cal. Jur., p. 512 et seq.) It was clearly erroneous to quiet her title under the circumstances of her refusal to do equity.' "

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.